IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN DEAN PARKS,         | 1:13-cv-00802-DLB-(PC) |
|     Plaintiff, | ORDER TRANSFERRING CASE TO THE NORTHERN DISTRICT OF CALIFORNIA |
| v. | |
| HAMLIT, et al., | |
|     Defendants. | |

Plaintiff, a California state prisoner proceeding pro se, has filed a civil action pursuant to 42 U.S.C. § 1983.

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

In this case, none of the defendants reside in this district. The claim arose in Monterey County, which is in the Northern District of California. Therefore, Plaintiff's claim should have been filed in the United States District Court for the Northern District of California. In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district.

−1−

1  *See* 28 U.S.C. § 1406(a); *Starnes v. McGuire*, 512 F.2d 918, 932 (D.C. Cir. 1974).

2  Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States
3  District Court for the Northern District of California.

4  IT IS SO ORDERED.

5  **Dated:   May 29, 2013**                              **/s/ Dennis L. Beck**
                                                          UNITED STATES MAGISTRATE JUDGE